## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-35832 |
| | ) | |
| Joan C. Lee | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Judge Janet S. Baer |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Thomas E. Springer, not individually | ) | Adversary Case No. |
| but as Trustee of the Bankruptcy | ) | |
| Estate of Joan C. Lee | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rex Lee, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Thomas E. Springer, not individually, but solely as trustee of the bankruptcy estate (the "Estate") of Joan C. Lee (the "Debtor"), the Plaintiff, by his undersigned attorneys, bring this complaint against Defendant Rex Lee alleging as follows:

## NATURE OF THIS ACTION

1. The Plaintiff brings this complaint as an adversary proceeding pursuant to Part VII of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

2. In this adversary complaint, the Plaintiff seeks to avoid the Debtor's transfer of the improved real estate commonly known as 1080 Mattande Lane, Naperville, Illinois ("Mattande Property") to the Defendant and to recover from the Defendant the property that was transferred or its value.

3. The Plaintiff's claims for relief arise under Sections 548(a)(1)(A), 548(a)(1)(B), and 550(a) of the Bankruptcy Code.

## PARTIES, JURISDICTION AND VENUE

4. Thomas E. Springer is the Chapter 7 Trustee for the Debtor's Estate.

5. Rex Lee, the Defendant, is the Debtor's son.

6. On December 20, 2019 ("Petition Date"), Debtor filed a voluntary Chapter 7 petition in this judicial district.

7. This Court has subject matter jurisdiction to grant the relief requested by the Trustee pursuant to 28 U.S.C. §1334(b) and Internal Operating Procedure 15 of U.S. District Court for the Northern District of Illinois. The claims for relief set forth in this complaint are core proceedings within the meaning of 28 U.S.C. §§157 (b)(2)(H).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1409(a).

## FACTS COMMON TO ALL COUNTS

9. On August 8, 2003, Debtor executed the Joan C. Lee-Marshall Trust ("Trust"). A copy of the Trust Agreement is attached to this Complaint as **Exhibit A**.

10. The Trust is a self-settled trust. The Debtor is the grantor, the trustee during her lifetime, and the sole lifetime beneficiary of the Trust.

11. Pursuant to ¶2.1, the Trust is revocable. If the Debtor chooses to revoke the Trust, all trust assets shall be delivered to her or distributed at her direction.

12. Pursuant to ¶2.2, the Trust is administered for Debtor's benefit during her lifetime.

13. The Trust is not a valid spendthrift trust under Illinois law.

14. On or about August 26, 2009, the Defendant became of the owner of the Mattande Property pursuant to a warranty deed conveying that property to him. The deed was recorded with

2

the DuPage County Recorder on September 8, 2009 as Document No. R2009-138812. A copy of the deed is attached to this Complaint as **Exhibit B**.

15. The Debtor has resided at the Mattande Property since 2015 and continued to reside there through the Petition Date. Upon information and belief, Debtor continues to reside at the Mattande Property.

16. On April 11, 2018, Defendant conveyed his ownership in the Mattande Property to the Debtor in her capacity as the trustee of the Trust pursuant to a warranty deed dated April 11, 2018 and recorded with the DuPage County Recorder of May 4, 2018 as Document No. R2018-039024. A copy of the warranty deed is attached to this Complaint as **Exhibit C**.

17. Debtor's current bankruptcy attorney Richard Grossman prepared the deed, is the notary on the deed, and had knowledge of the transfer as of the Petition Date. (See Exhibit C).

18. On or about February 22, 2013, Oswego Community Bank obtained a judgment against the Debtor in the amount of $181,159.28 in an action pending in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois as *Oswego Community Bank v. Joan Lee Marshall et al.,* Case No. 11-CH-2168 (Lake County)("2013 Judgment").

19. On or about June 28, 2013, North Community Bank became the successor to Oswego Community Bank pursuant to a merger. On or about January 21, 2015, North Community Bank changed its name to Byline Bank effective as of February 17, 2015. Byline Bank is the current the holder of the 2013 Judgment.

20. On September 27, 2019, Byline Bank filed a petition to revive the 2013 Judgment pursuant to 735 ILCS 5/2-1602 ("Petition to Revive Judgment"). As of September 27, 2019, the amount needed to satisfy the 2013 Judgment was $288,723.22.

21. On October 4, 2019, the Debtor was served at the Mattande Property with Byline Bank's Petition to Revive Judgment. The Petition to Revive Judgment and the affidavit of service upon the Debtor are attached to this Complaint as **Exhibits D** and **E**, respectively.

22. On October 7, 2019, the Debtor, in her capacity as the trustee of the Trust, executed a warranty deed conveying the Mattande Property to the Defendant. A copy of the warranty deed dated October 7, 2019 and recorded with the DuPage County Recorder on October 10, 2019 ("Transfer Date") as Document No. R2019-092078 is attached to this Complaint as **Exhibit F.**

23. As of the transfer date, the market value of the Mattande Property was approximately $300,000.

24. Upon information and belief, based upon publicly available mortgage records, the Debtor's equity in the Mattande Property was approximately $180,000.

25. On October 23, 2019, an order was entered was entered reviving the 2013 Judgment.

26. On November 22, 2019, Byline Bank registered the revived 2013 Judgment in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County and served notice of the registration to the Debtor by first class mail at the Mattande Property.

27. On December 11, 2019, Byline Bank issued a citation to discover assets upon the Debtor to enforce the revived judgment. As of that date, the balance due under the judgment was $292,028.76.

28. On December 20, 2019, the Debtor filed her Chapter 7 petition including her Schedules and Assets of Liabilities ("Schedules") and Statement of Financial Affairs ("SOFA").

## COUNT I
## (Avoidance of Fraud in Fact Transfer Under §548(a)(1)(A))

29. Plaintiff realleges and incorporates paragraphs 1-28 as if fully restated.

30. Defendant did not pay any consideration to the Debtor for the conveyance of the Mattande Property.

31. The Debtor continued to reside at the Mattande Property after October 3, 2019. Upon information and belief, as of the date this Complaint is filed, it is still her principal residence.

32. The Debtor conveyed the Mattande Property to the Defendant with the actual intent to hinder Byline Bank in its attempt to enforce the 2013 Judgment.

33. The Debtor did not disclose her transfer of the Mattande Property to the Defendant in responding to Question 18 of her SOFA filed December 20, 2019.

34. In her Schedule A/B filed on December 20, 2020, the Debtor does not disclose or claim any ownership interest in the Trust or the Mattande Property.

35. The same attorney who prepared the deed conveying the Mattande Property to the Debtor in April 2018 represents the Debtor in this case and assisted the Debtor in the preparation of her Schedules and SOFA. In preparing her Schedules and SOFA, the Debtor was advised by an attorney having acknowledge of the transfer of the Mattande Property to Debtor's self-settled Trust in April 2018.

36. The Debtor intended to keep her conveyance of the Mattande Proeprty to her son, the Defendant, a secret from Plaintiff in his capacity as the trustee for the Estate and from her creditors.

37. According to the Debtor's Schedules, as of the Petition Date, the Debtor's only secured debt was a car loan having a balance of $4,000, secured by a vehicle having a value of $15,000. Her Schedules also state that aside from the debt owed to Byline Bank, Debtor had only one unsecured debt; a credit card having a balance due of approximately $9,900.

38. The Debtor's conveyance of the Mattande Property to the Defendant rendered her insolvent on the Transfer Date.

39. Section 548(a)(1)(A) vests a trustee the authority to avoid any transfer of an interest of the debtor in property that is made within 2 years prior to the filing of a bankruptcy petition if the transfer is made with the actual intent to hinder, delay or defraud an entity holding a claim against the debtor on the date of the transfer.

40. Pursuant to Section 551 of the Bankruptcy Code, any transfer that is avoided under Section 548 of the Bankruptcy Code is preserved for the benefit of the bankruptcy estate.

Wherefore, Plaintiffs prays for entry of a judgment in his favor and against the Defendant avoiding the transfer of the Mattande Property to the Defendant and preserving the avoided transfer for the benefit of the Estate, and such other relief as may be appropriate.

## COUNT II
### (Avoidance of Fraud in Law Transfer Pursuant to §548(a)(1)(B))

41. Plaintiff realleges and incorporates paragraphs 1-28 as if fully restated.

42. Plaintiff realleges and incorporates paragraphs 30 and 37-38 from Count I as if fully restated.

43. The Debtor did not receive reasonably equivalent value for her conveyance of the Mattande Property to the Defendant.

44. Section 548(a)(1)(B) vests the trustee with authority to avoid a transfer made by the Debtor that have an interest of the debtor in property that is made within 2 years prior to the filing of a bankruptcy petition if the Debtor received less than reasonably equivalent value in exchange for the transfer and Debtor became insolvent as a result of the transfer.

45. Pursuant to Section 551 of the Bankruptcy Code, any transfer that is avoided under Section 548 of the Bankruptcy Code is preserved for the benefit of the bankruptcy estate.

Wherefore, Plaintiffs prays for entry of a judgment in his favor and against the Defendant avoiding the transfer of the Mattande Property to the Defendant and preserving the avoided transfer for the benefit of the Estate, and such other relief as may be appropriate.

## COUNT III
### (Claim for Recovery of Avoided Transfer Under §550(a))

46. Plaintiff realleges and incorporates paragraphs 1-28 as if fully restated.

47. Plaintiff asserts this claim for relief under authority of Section 550 of the Bankruptcy Code to the extent that the transfer of the Mattande Property to the Defendant is avoided under Section 548 of the Bankruptcy Code pursuant to a judgment entered in Plaintiff's favor on Count I or Count II of this Complaint.

7

48. The Defendant is the initial transferee of the conveyance of the Mattande Property on the Transfer Date within the meaning of Section 550(a)(1) of the Bankruptcy Code.

Wherefore, the Plaintiff prays for entry of a judgment in his favor and against the Defendant and granting the following relief:

A) Entry of a judgment directing Defendant to relinquish possession of the Mattande Property to Plaintiff as representative of the Estate;

B) Entry of a judgment directing the Defendant to execute a deed conveying the Mattande Property to Plaintiff as representative of the Estate;

C) Alternatively, entry of a monetary judgment against the Defendant in the amount of the value of the Mattande Property;

D) Such other relief as may be appropriate.

Respectfully submitted,

Thomas E. Springer, not individually
but as Trustee of the Bankruptcy
Estate of Joan C. Lee

By: /s/ Abraham Brustein

Abraham Brustein, #327662
Julia Jensen Smolka, #6272466
Thomas J. Cassady, #6307705
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
Phone: 847-698-9600
Fax: 847-698-9623
Email: abrustein@dimontelaw.com
  jsmolka@dimontelaw.com
  tcassady@dimontelaw.com